1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   UNITED STATES OF AMERICA,              No.  2:89-cr-00021-DAD

12                  Plaintiff,              ORDER DENYING DEFENDANT'S
                                            MOTIONS TO APPOINT COUNSEL
13          v.
                                            (Doc. Nos. 31, 32)
14   DAVID E. WILLIAMS,

15                  Defendant.

16

17          On April 30, 1990, a corrected modified judgment was entered in this case reflecting that

18   defendant David E. Williams was sentenced to an eighty-four- and one-half month term of

19   imprisonment following his entry of a plea of guilty to possession with the intent to distribute

20   cocaine base in violation of 21 U.S.C. § 841(a)(1).  (Doc. No. 1-4.)  Following his release from

21   custody on May 26, 1995, defendant commenced serving his five-year term of supervised release

22   in this case.  Thereafter, on August 3, 1998, a warrant for defendant's arrest was issued on a

23   petition alleging that defendant had violated the conditions of his supervised release, having been

24   arrested by Sacramento County Sheriffs on July 31, 1998 for possession of cocaine base and

25   marijuana for sale as well as being a convicted felon in possession of a firearm.  (Doc. No. 26.)

26   On April 10, 2012 an amended arrest warrant was issued by this court in connection with the

27   violation petition.  (Doc. No. 29.)

28   /////

                                                    1

On June 16, 2023 and June 27, 2023, defendant Williams filed with the court motions for the appointment of counsel.  (Doc. Nos. 31, 32.)  In those motions, which appear to be identical, defendant Williams requests that the court appoint counsel to assist him in moving to dismiss the 1998 supervised release violation petition as well as the outstanding amended arrest warrant issued in connection with the petition.  (*Id.*)  In this regard, defendant Williams specifically recognizes that he has no constitutional or statutory right to a speedy hearing on a federal supervised release violation petition and that such petitions need not be adjudicated until after a defendant's state prison sentence has been completed.  (Doc. No. 32 at 1) (citing *United States v. Wickham*, 618 F.2d 1307, 1310–11 (9th Cir. 1980) and *United States v. Bartholdi*, 453 F.2d 1225, 1226 (9th Cir. 1972)).  Nonetheless, defendant argues that under federal regulations a Regional Commissioner of the U.S. Parole Commission is required to review parole revocation warrants within ninety days of receiving notice of the prisoner's location and that the prisoner is entitled to notice of the review and the opportunity to submit written comments.  (*Id.* at 2) (citing 28 C.F.R. § 2.47, et seq.).  Defendant Williams explains in the pending motions that he is currently serving a state prison sentence of 25-years to life.  (*Id.*)  He complains that no review of the federal supervised release violation petition was conducted, that he was never provided notice of a review, and he now seeks the appointment of counsel to pursue relief including the termination of his supervised release term which he refers to in his motions as "probation."  (Id. at 2-3.)

Defendant's motion is without merit.  Because the appointment of counsel is not warranted in this case, the pending motions will be denied.  Defendant's contention is based upon his suggestion that he was released on parole in this federal criminal case and is subject to the jurisdiction of the U.S. Parole Commission.  He was not and is not.  The court's records in this case clearly establish that defendant did not receive a so-called "old law sentence" but rather sentenced originally in 1989 under the Sentencing Reform Act to a sentence that included a 5-year term of supervised release to be served following his service of the term of imprisonment.  (Doc. No. 1-3 at 1–3.)  Defendant Williams was never subject to parole supervision in this case, the U.S. Parole Commission would have no record of him, and no federal parole revocation warrant as to him has been issued.  Rather, defendant Williams was serving a term of supervised

released, a violation petition and arrest warrant were filed in this court based upon alleged conduct that brought him into state custody, and he currently remains in state prison.  As defendant Williams himself correctly recognizes in his pending motions, there is no right to a speedy hearing on a federal supervised release violation petition or warrant thereon and such a petition needn't be adjudicated until after the defendant's state prison sentence is completed.  *See United States v. Magna-Colin*, 359 Fed. Appx. 837, 837–38 (9th Cir. 2009)[1] (affirming the revocation of a defendant's supervised release term and rejecting the defendant's contention that the multi-year delay from the issuance of the arrest warrant on the petition and the revocation hearing was unreasonable because, as the court noted, the event that triggers the requirement of a timely hearing is when one comes into custody on the violation petition warrant).

For the reasons explained above, defendant's motions for appointment of counsel (Doc. Nos. 31, 32) are denied.  The Clerk of the Court is directed to close this case once again.

IT IS SO ORDERED.

Dated:   **August 17, 2023**

_____
UNITED STATES DISTRICT JUDGE

---

[1]  Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36–3(b).